UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>ANTONIO MICHAEL MARTINELLI,<br><br>                Defendant. | CASE NO. CR17-0318-JCC<br><br>ORDER |

This matter comes before the Court on the Government's motion to seal (Dkt. No. 31) its sentencing memorandum (Dkt. No. 32). Having thoroughly considered the Government's motion and the relevant record, the Court hereby DENIES the motion.

"[T]here is a strong presumption of public access to [the Court's] files." W.D. Wash. Local Civ. R. 5(g)(3); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, a particularized showing of good cause will suffice to maintain under seal documents attached to a motion that does not address the procedural basis of the case. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2006). This rule provides an exception to the "strong presumption in favor of [public] access" to judicial records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*citing Foltz*, 331 F.3d at 1135).

The Government asks the Court to seal its sentencing memorandum because "it discussed statements made by Defendant regarding criminal activity of identified third parties." (Dkt. No.

32.)[1] The Government has not provided a particularized showing of good cause that outweighs the public's interest in having access to the sentencing memorandum. The nine-page memorandum includes a few references to third parties who are alleged to have committed various criminal activities. (Dkt. No. 32 at 4.) Some of the identified individuals have already pled guilty to crimes related to the conduct discussed in the sentencing memorandum. (*Id*. at 2–3.) Therefore, the identities and facts surrounding those individuals are already known to the public. If the Government wishes to protect the identities of the individuals identified in its sentencing memorandum, the proper remedy is to redact the identifying information, not to seal the entire document.

The Government's motion to seal (Dkt. No. 31) is DENIED. Within 48 hours of the issuance of this order, the Government shall withdraw its sentencing memorandum that is currently under seal (Dkt. No. 32). In its place, the Government shall file a redacted sentencing memorandum.

DATED this 16th day of October 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the Government's motion to seal does not even include the basis for maintaining the sentencing memorandum under seal. (*See* Dkt. No. 31.)

ORDER
CR17-0318-JCC
PAGE - 2