THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO MARTINELLI,<br><br>Defendant. | CASE NO. CR17-0318-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Antonio Martinelli's motion to correct sentence pursuant to Federal Rule of Criminal Procedure 35(a) (Dkt. No. 40). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

**I.      BACKGROUND**

Defendant pled guilty to one count each of being a felon in possession of a firearm and ammunition. (Dkt. No. 24.) In its presentence report ("PSR"), the U.S. Probation Office asserted that Defendant's total offense level was 15, with an advisory guideline range of 24–30 months of imprisonment. (Dkt. No. 28 at 5.) Probation's offense level calculation included a four-level adjustment because Defendant allegedly possessed a firearm in connection with another felony offense. (*Id.*) In support of that adjustment, the PSR stated that a confidential source made several controlled purchases of illegal narcotics from Defendant and also reported that Defendant

was always armed with a handgun. (*Id.* at 3.) The PSR also included Defendant's alleged post-arrest statement that he would normally carry three firearms on him. (*Id.* at 3–4.) Defendant objected to the PSR's offense level calculation, as well as to the factual statements offered in support of the four-level adjustment. (Dkt. No. 33.) Without the four-level adjustment, Defendant argued that his total offense level should be 12, with an advisory guideline range of 15–21 months of imprisonment. (*Id.*)

At sentencing, the Court stated the following regarding Defendant's objections: "I'm going to state for the record that I'm disregarding the objected-to portions of the presentence report in formulating a sentence. So it's not necessary to take additional evidence." (Dkt. No. 44 at 3.) The Court went on to adopt the PSR's calculation, finding a total offense level of 15 with an advisory guideline range of 24–30 months of imprisonment. (*Id.* at 13.) The Court sentenced Defendant to 30 months imprisonment. (Dkt. No. 39.) The Court stated that its sentence was a product of the guidelines, "with a particular emphasis on the defendant's criminal history, much of which doesn't score but largely because – or only because of his incarceration on the prior offense." (Dkt. No. 44 at 13–14.)

Defendant filed a motion to correct sentence because he believes "a lack of clarity regarding the sentencing guideline calculations specifically as to the application of the four-level enhancement for possession of a firearm in connection with another felony offense U.S.S.G. § 2K2.1(b)(6)(B), may have impacted the Court's sentence in this matter." (Dkt. No. 40 at 1); Fed. R. Crim. P. 35(a). Defendant states that "if the Court's sentence was based on a guideline range other than what it intended to utilize, [he] asks the Court to reduce [his] sentence based on technical error under Fed.R.Crim.P. 35(a)." (*Id.* at 4.) Defendant further states that "the Court may not have based it [*sic*] sentence primarily on the advisory range, but to the extent that the range impacted the Court's decision, and if the Court agrees that the guideline calculation was based on any erroneous assumptions, we ask the Court to reduce Mr. Martinelli's sentence accordingly." (*Id.*) The Government opposes Defendant's motion arguing that the Court was

clear about the basis for its sentence and that Federal Rule of Criminal Procedure 35(a) does not apply to this situation. (Dkt. No. 41.)

## II. DISCUSSION

Federal Rule of Criminal Procedure 35(a) provides that a sentencing court "may correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen (14) days after the sentencing. Fed. R. Crim. P. 35(a). This provision constitutes an exception to the general rule that a Court may not correct or modify a sentence of imprisonment once it has been imposed. *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011) (citing 18 U.S.C. § 3582(c)). Ultimately, Rule 35(a) is intended to allow a district court to modify a sentence "only in very limited instances and not merely to 'reconsider' sentencing issues." *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) (addressing Rule 35(c), which was amended in 2002 and is now reflected in Rule 35(a)).

The Court DENIES Defendant's motion to correct sentence on several grounds. First, the deadline for correcting a sentence under Rule 35(a) has passed.[1] Under the plain language of Rule 35(a), the Court must rule on Defendant's motion within 14 days of the date of judgment; in this case, that date was October 30, 2018. (*See* Dkt. No. 39); *See United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011) (Rule 35's "fourteen-day deadline is jurisdictional, thus divesting the district court of the power to amend the sentence after fourteen days."). Second, even if the motion were timely, Defendant has not raised the type of "arithmetical, technical, or otherwise clear error," that Rule 35(a) is meant to correct. *See United States v. Hudson*, 207 F.3d 852, 853 (6th Cir. 2000) (noting that district court's utilization of a wrong guideline range did not provide a basis for relief under Rule 35). Third, the Court did not base its sentence "primarily

---

[1] The Court is at a loss as to why defense counsel did not simply seek clarity on this issue at the sentencing hearing. To make matters worse, defense counsel waited a week before filing the present motion, and noted it for the Court's consideration on a date after which the Rule 35(a) deadline had passed.

ORDER
C17-0317-JCC
PAGE - 3

on the advisory range," nor was its sentence based on "erroneous assumptions," about the advisory guidelines. (*See* Dkt. No. 40 at 5.) As the Court made clear, its sentence placed "particular emphasis on the Defendant's criminal history, much of which doesn't score but largely because – or only because of his incarceration on the prior offense." (Dkt. No. 44 at 13–14.)

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to correct sentence (Dkt. No. 40) is DENIED.

DATED this 6th day of November 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE